UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>     v.<br><br>JOSE VALENTIN MORA, *et al.*,<br><br>                          Defendants. | Case No. 3:18-cr-00057-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

This case concerns what the government contends is a drug trafficking organization led by Defendant Jose Valentin Mora that was distributing methamphetamine and various drugs in the Reno-Sparks, Nevada area on or before January and June 2018. Mora has filed the following motions seeking to: (1) exclude lab reports of the chemical testing of drugs recovered in this case ("Lab Reports") (ECF No. 420); (2) strike the government's notice of intent to call chemists as expert witnesses to testify as to the testing and analysis of controlled substances at issue in this case (i.e., the Lab Reports) ("Expert Notice re Lab Reports")[1] (ECF No. 449)[2]; and (3) strike expert notice and exclude proposed expert testimony of FBI Special Agent James P. Woodie ("Notice re Woodie") (ECF No. 459).[3]

///

---

[1] The Expert Notice re Lab Reports was filed on September 12, 2019 (ECF No. 436), about a week after Mora's motion to exclude the Lab Reports (ECF No. 420) and obviously in response to that motion. That notice is also untimely because it was not filed 90 days before trial as required in the Order on the joint complex case schedule ("Scheduling Order"). (ECF No. 191 at 6 (setting the deadline for disclosure of expert on or 90 days before trial as part of the second discovery phase).) The government appears to suggest the Expert Notice re Lab Reports may not be untimely because its filing occurs a day after the Court denied Mora's motion to suppress. (ECF No. 436 at 1 n.1.) It is not clear how the two events are even related.

[2] The government's response to the motion to exclude Lab Reports addresses Mora's motion to strike the Expert Notice re Lab Reports (ECF No. 457).

1    The government has also filed its own motion in limine to exclude Mora's proposed expert
2    testimony of Phil Carson. (ECF No. 465.)

3    **II.    BACKGROUND**

4    The Court incorporates the relevant background and charges as they relate to Mora
5    in the Court's order denying Mora's motion to suppress. (ECF No. 427.) As relevant here,
6    Mora and co-defendants were indicted on 14 counts, including a conspiracy count of
7    conspiracy to possess with intent to distribute and to distribute: (i) at least 50 grams of
8    actual methamphetamine, (ii) a mixtures and substance containing a detectable amount
9    of cocaine, and (iii) a mixture and substance containing a detectable amount of heroin—
10   21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(C), and 846. (ECF No. 192 at 2–3.)

11   **III.   DISCUSSION**

12   The parties' motions to exclude are somewhat related and the Court will address
13   them as such.

14       **A.    ECF Nos. 420 and 449**

15   Mora seeks to exclude the Lab Reports, including any testimony relating to the
16   identification of the controlled substances, weight and purity. (ECF No. 420.) The gist of
17   Mora's argument is that the Lab Reports are inadmissible without expert opinions to
18   explain their content. (*Id.* at 2–3.) In a related motion, Mora asks the Court to strike the
19   government's Expert Notice re Lab Reports (ECF No. 436) because the notice was
20   untimely and its content deficient.[4] (ECF No. 449.) As noted, the government obviously
21   filed the untimely Expert Notice re Lab Reports shortly after Mora's motion to strike the
22   Lab Reports without so much as genuinely acknowledging that the disclosure was
23   untimely. However, the Court finds that exclusion—precluding the government from
24   ///

---

25   [3]Co-Defendant Robert Mora-Mora filed a motion to join in ECF No. 420 (ECF No.
     448); and Co-Defendant Juan Baca filed a motion to join in ECF Nos. 449 and 459 (ECF
26   Nos. 452, 462). All three motions to join (ECF Nos. 448, 452, 462) are granted.

27   [4]Having reviewed the Expert Notice re Lab Reports (ECF No. 436), the Court
     disagrees that the notice, as supplemented by the Lab Reports, is substantively deficient.
28

offering the testimony of the chemists who tested and analyzed the drugs in this case—as a sanction for the government's untimely disclosure would not be commensurate with the government's violation of the established deadline.[5] (ECF No. 457 at 4–6.) A balance of prejudice would weigh against striking the Expert Notice re Lab Reports under the circumstances here given Mora's motion to exclude the Lab Reports as inadmissible without expert testimony and the Lab Reports, as well as the identification of the chemists who analyzed the drugs, have been timely disclosed during discovery. (*Id.*) For these reasons, the Court denies Mora's motion to strike Expert Notice re Lab Report (ECF No. 449). Because the government will be permitted to have the chemists testify, Mora's motion to exclude the Lab Reports (ECF No. 420) is denied as moot.

## B.     ECF Nos. 459 and 465

Mora similarly asks the Court to strike the government's Notice re Woodie for, *inter alia,* being untimely and substantially deficient. (ECF No. 459.) Mora insists that drug trafficking experts such as Woodie "are standard case-in-chief experts for drug cases of any scale" and that the Notice re Woodie cannot be given in reaction to Mora's expert, Carson, as a rebuttal expert and is therefore untimely. (*Id.* at 4–6.) The government's response this time acknowledges the missed disclosure deadline but contends that exclusion is not proportionate because the Notice was made well in advance of trial to allow for proper preparation. (ECF No. 484 at 6–8.) The Court agrees with the government that exclusion is too harsh a remedy for the government's late disclosure and will deny the motion to strike. Mora's additional arguments, such as relevance, are matters the Court finds may best be resolved in the context of trial.

Similarly, whether Carson's testimony is relevant may best be resolved during the context of trial after the government has presented its case-in-chief. The Court will therefore deny the government's motion to exclude Carson's testimony (ECF No. 465).

///

///

---

[5]However, the Court would entertain other forms of appropriate accommodations, if any, for the government's substantially late disclosure.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Mora's motions to strike expert notices (ECF No. 449, 459) are denied.

It is further ordered that Mora's motion in limine to exclude lab reports (ECF No. 420) is denied as moot.

It is further order that the government's motion in limine (ECF No. 465) is denied.

It is further ordered that Defendants Mora-Mora and Baca's motions to join (ECF Nos. 448, 452, 462) are granted.

DATED THIS 3rd day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE